David L. ANDERSON, Petitioner,

v.

**DEPARTMENT OF ENERGY,**
Respondent.

No. 03–3315.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 5, 2004.

David L. Anderson, of Counsel, Grante Falls, WA, pro se.

David R. Feniger, Principal Attorney, James M. Kinsella, David M. Cohen, of Counsel, Washington, DC, for Respondent.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

DECISION

PER CURIAM.

David L. Anderson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his request for corrective action under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) ("WPA"), with respect to certain personnel actions by his employing agency, the Department of Energy ("DOE" or "agency"), that Mr. Anderson alleged were taken in reprisal for protected whistleblowing disclosures on his part. *Anderson v. Dep't of Energy,* No. SE–1221–97–0130–W–7, 94 M.S.P.R. 479, 2003 WL 21685239 (M.S.P.B. Jul. 15, 2003). We *affirm.*

DISCUSSION

I.

Mr. Anderson filed an Individual Right of Action ("IRA") appeal with the Board. In it, he claimed that DOE took certain personnel actions against him in retaliation for five separate communications on his part that he asserted were protected whistleblowing disclosures, and he sought corrective action. After Mr. Anderson waived his right to a hearing, an administrative judge ("AJ") decided the case on the written record.

In an initial decision, the AJ determined that three of the communications Mr. Anderson alleged were protected disclosures did not qualify as such because they

were reports by him of misconduct on the part of individuals he supervised. They thus came within the scope of his normal job duties and were not protected under the WPA. As far as the fourth communication was concerned, the AJ found that Mr. Anderson had not established that in fact he had made the alleged disclosure. The AJ did find that the fifth communication cited by Mr. Anderson amounted to a protected disclosure. He determined, however, that Mr. Anderson had failed to establish that the disclosure was a contributing factor to a personnel action. Based upon his findings, the AJ denied Mr. Anderson's request for corrective action. *Anderson v. Dep't of Energy*, No. SE–1221–97–0130–W–7 (M.S.P.B. Nov. 20, 2001). The AJ's initial decision became the final decision of the Board on July 15, 2003, after the Board denied Mr. Anderson's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

Mr. Anderson's sole contention on appeal is that the AJ erred in his pertinent findings of fact. However, beyond making sweeping assertions as to the AJ's findings, Mr. Anderson fails to demonstrate how those findings are not supported by substantial evidence. Under these circumstances, we have no alternative but to affirm the Board's decision.